ORIGINAL

# In the United States Court of Federal Claims

No. 15-794C
(Filed: September 26, 2016)

FILED
SEP 26 2016
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ANDREW R. SPENGLER,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | Keywords: RCFC 59; RCFC 60; Motion for Reconsideration; Subject Matter Jurisdiction; Fiduciary Duty; Prison Mailbox Rule; Commissary and Welfare Fund |

*Andrew R. Spengler*, Fort Worth, TX, Plaintiff, pro se.

*Alexis J. Echols*, Trial Attorney, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

    This case is currently before the Court on Plaintiff's motion for reconsideration pursuant to Rules of the Court of Federal Claims (RCFC) 59 and 60(b). The pro se plaintiff, Andrew Spengler, seeks reconsideration of this Court's July 19, 2016 Opinion and Order granting the government's motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). See Spengler v. United States, No. 15-794C, 2016 WL 3947954 (Fed. Cl. July 19, 2016).

    Because Mr. Spengler has failed to timely file his motion for reconsideration under RCFC 59 and has failed to establish the existence of grounds for relief under RCFC 60(b), his motion is **DENIED**.

## BACKGROUND

    As set forth in detail in this Court's earlier decision, Mr. Spengler, who is currently serving a fifteen-year sentence in the Federal Correctional Institution in Fort Worth, Texas, claims that he is a beneficiary of the Commissary and Welfare Fund for federal prisoners (hereinafter "the Commissary Fund" or "the Fund"), which is designated as a "trust" fund pursuant to 31 U.S.C. § 1321(a)(22). Compl. at 1, Doc.

7012 3460 0001 7791 6930

No. 1. In his complaint, Mr. Spengler alleges that the Bureau of Prisons (BOP) breached its fiduciary duties to inmates by using monies from the Commissary Fund for what he claims are improper purposes, including in particular to fund the creation and operation of the Trust Fund Limited Inmate Computer System (TRULINCS) and the Trust Fund Inmate Telephone System (TRUFONE). As relief, Mr. Spengler sought, among other things, orders directing the United States to provide an accounting of the Fund and to restore billions of dollars to it. He also asked the Court to award damages to him personally for, among other things, costs he has incurred to pay for clothing at the prison commissary, his expenses of copying documents, and the costs he incurred for the use of the TRULINCS and TRUFONE systems.

This Court granted the government's motion to dismiss for lack of jurisdiction. 2016 WL 3947954, at *7. It noted that while the Tucker Act, 28 U.S.C. § 1491(a)(1), waives the sovereign immunity of the United States to allow a suit for money damages, Mitchell v United States, 463 U.S. 206, 212 (1983) (Mitchell II), it does not confer any substantive rights on a plaintiff, United States v. Testan, 424 U.S. 392, 398 (1976). 2016 WL 3947954, at *2. Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

The Court further observed that an independent source of a substantive right to money damages may be found where a statute "establishes specific fiduciary or other duties" and may "'fairly be interpreted as mandating compensation for damages sustained as a result of a breach of the duties [the governing law] impose[s].'" 2016 WL 3947954, at *3 (quoting United States v. Navajo Nation (Navajo Nation I), 537 U.S. 488, 506 (2003), and Mitchell II, 463 U.S. at 219) (alterations in original). To establish that the United States has accepted a particular fiduciary obligation, "[a plaintiff] must identify statutes or regulations that both impose a specific obligation on the United States and 'bear[] the hallmarks of a conventional fiduciary relationship.'" Hopi Tribe v. United States, 782 F.3d 662, 667 (Fed. Cir. 2015) (quoting United States v. Navajo Nation (Navajo Nation II), 556 U.S. 287, 301 (2009)) (alteration in original).

In this case, the Court held that neither the language, history, nor purposes of 31 U.S.C. § 1321(a)(22) suggested that—in classifying the Commissary Fund as a "trust fund"—Congress intended to impose specific fiduciary obligations on the United States that would subject it to a claim for monetary damages for their breach. 2016 WL 3947954, at *3–*5. Therefore, the Court held that it lacked jurisdiction over Mr. Spengler's claims for money damages. Id. at *5. The Court also ruled that it lacked jurisdiction over his claims for injunctive relief because they were not incidental to a claim for monetary relief properly before the Court. Id. (citing James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998)).

Further, the Court declined to transfer Mr. Spengler's claims to a district court pursuant to 28 U.S.C. § 1631. 2016 WL 3947954, at *5–*7. It concluded that such a transfer would be inappropriate because Mr. Spengler had failed to meet his burden of

demonstrating exhaustion of administrative remedies with respect to the claims made in this case as required by 42 U.S.C. § 1997e(a). Id.

Mr. Spengler now moves that the Court reconsider both its dismissal of his complaint and its denial of his request that his claims be transferred. He argues that reconsideration is warranted because the Court erred in its interpretation of the Sixth Circuit's decision in Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994). Pl.'s Req. to Alter J. at 2. In addition, he argues that he did exhaust his administrative remedies with respect to at least two of the claims he is asserting in this case, as evidenced by additional documents submitted in connection with his motion for reconsideration. Id. at 5–7.

## DISCUSSION

### I. Timeliness of Mr. Spengler's Motion Under RCFC 59

The first avenue through which Mr. Spengler seeks reconsideration is RCFC 59. Pl.'s Req. to Alter J. at 1. That rule provides that, except for a motion for new trial or reconsideration on the grounds that any fraud, wrong, or injustice has been done to the United States (grounds not alleged here), a motion for new trial or reconsideration "must be filed no later than 28 days after the entry of judgment." RCFC 59(b)(1); see also RCFC 59(e) (stating that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). Additionally, "[t]he court must not extend the time to act under RCFC . . . 59(b), (d), and (e)." RCFC 6(b)(2); see also Johnson v. United States, 126 Fed. Cl. 558, 560 (2016) (holding that because of RCFC 6(b) the court could not consider plaintiff's untimely motion for reconsideration); Klamath Irrigation Dist. v. United States, 68 Fed. Cl. 119, 120 (2005) ("[L]ike the parallel Federal rules, this court's rules do not countenance a motion to extend the time for filing a reconsideration motion subject to the timing provision of RCFC 59(b).").

Here, Mr. Spengler states that he received the Court's order dismissing his case on July 26, 2016. Pl.'s Req. to Alter J. at 1. Citing Houston v. Lack, 487 U.S. 266 (1988), Mr. Spengler then alleges that he filed his motion for reconsideration "in accordance with the 'Prison Mail Box Rule' on 8/22/2016." Pl.'s Req. to Alter J., Proof of Filing & Service. In Houston, the Court held that when a pro se prisoner files a criminal or habeas corpus appeal, his notice of appeal is deemed filed at the time he delivers it to prison authorities for forwarding to the court clerk. See Houston, 487 U.S. at 269–76.[1]

---

[1] Since the Supreme Court's decision in Houston, federal courts have moved in the direction of extending this "prison mailbox rule" to all pro se prisoner district court filings. See Sharpe v. United States, 111 Fed. Cl. 334, 336–37 (2013), and cases cited therein. Indeed, the Court of Appeals for the Federal Circuit, in an unpublished table decision, has applied the "prison mailbox rule" to an incarcerated pro se plaintiff's motion for reconsideration. See Bernaugh v. United States, 168 F.3d 1319 (table), No. 98-5059, 1998 WL 537723, at *2 (Fed. Cir. 1998) (per curiam). And in Sharpe, the "prison mailbox rule" was applied to an incarcerated pro se plaintiff's complaint filed in the Court of Federal Claims. 111 Fed. Cl. at 337–38; cf. Brown v. United States, 74 Fed.

3

But even assuming that the "prison mailbox rule" applies to Mr. Spengler's motion for reconsideration, it would still be out of time under RCFC 59 because that rule requires that the motion be filed within twenty-eight days of the entry of judgment.[2] Here, judgment was entered July 20, 2016. Judgment, Doc. No. 31. Accordingly, a motion pursuant to RCFC 59 was due to be filed no later than August 18, 2016. RCFC 59(b), (e). Mr. Spengler states, however, that he filed his motion under the "prison mailbox rule," on August 22, 2016 (by which the Court assumes that he is asserting that he placed the motion in the prison mail system on that date). See Pl.'s Req. to Alter J., Proof of Filing & Service. The motion is thus out of time.

## II.   Mr. Spengler's Motion Pursuant to RCFC 60(b)

Mr. Spengler alternatively requests relief from the Court's earlier judgment on the basis of RCFC 60(b). That rule states that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for six enumerated reasons:

> 1)   Mistake, inadvertence, surprise, or excusable neglect;
> 2)   Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
> 3)   Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 4)   The judgment is void;
> 5)   The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6)   Any other reason that justifies relief.

RCFC 60(b).

"As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" Patton v. Sec'y of Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994) (citing 7 James W. Moore & Jo Desha Lucas, Moore's

---

Cl. 546, 550–51 (2006) (reviewing the application of the "prison mailbox rule" in determining whether action filed in Court of Federal Claims should be transferred to district court).

[2] To the extent that Mr. Spengler may be suggesting that the date he received a copy of the Court's opinion (July 26, 2016) is the date from which his time to file a motion to reconsider runs, he is incorrect. The operative event under RCFC 59 is the "entry of the judgment," RCFC 59(b)(1), (e), which occurs when the clerk enters the judgment in the civil docket and it is set out in a separate document. RCFC 58(c).

4

Federal Practice ¶¶ 60.18[8], 60.19 (2d ed. 1993)). At the same time, "[t]he United States Supreme Court has 'cautioned that the Rule should only be applied in extraordinary circumstances.'" Perry v. United States, 558 F. App'x 1004, 1006 (Fed. Cir. 2014) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)) (alterations omitted). Therefore, in ruling on a motion under RCFC 60(b), a court must strike "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Hutchins v. Zoll Med. Corp., 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quoting 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2851 (2d ed. 1995)).

Here, Mr. Spengler does not identify a specific subsection of RCFC 60(b) pursuant to which he requests that the Court grant him relief from its earlier judgment. However, his motion asserts two arguments: 1) that the Court relied upon "incorrect facts" in interpreting the holding of Washington v. Reno; and 2) that additional evidence reveals he has in fact exhausted his administrative remedies. See generally Pl.'s Req. to Alter J. These arguments would, at best, implicate the grounds for relief set forth in RCFC 60(b)(1) and (b)(2), or the catchall provision, (b)(6).

With respect to Mr. Spengler's arguments, RCFC 60(b)(1) fails to provide any basis for relief from judgment on the grounds of "mistake" or "incorrect facts" as alleged in his motion. When this case was before the Court on the government's motion to dismiss, Mr. Spengler cited Washington v. Reno in support of his argument that the United States has taken on fiduciary duties toward the inmates with respect to its administration of the Commissary Fund. The Court held, however, that Reno was inapposite because the relief discussed therein was purely injunctive in nature. 2016 WL 3947954, at *4–*5. Therefore, the Court observed, the Sixth Circuit "had no occasion to address the issue before this Court, which concerns whether Congress—in characterizing the Commissary Fund as a 'trust' for purposes of 31 U.S.C. § 1321—intended to impose specific fiduciary obligations on the United States that would subject the United States to a claim for monetary damages for its breach." Id. at *5.

In his motion for reconsideration, Mr. Spengler argues that the Court's interpretation was based on "incorrect facts." Pl.'s Req. to Alter J. at 2. He draws the Court's attention to the settlement agreement that the parties ultimately executed in Reno, in which the United States agreed to credit $4,000,000 to the Commissary Fund as part of the resolution of the plaintiffs' claims in that case. Id. But even assuming that this observation alleges a "mistake," it is not the type of mistake upon which RCFC 60(b)(1) relief may be premised. Rule 60(b) is not a substitute for appeal; legal error alone does not warrant its relief. United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); see also Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). Rule 60(b)(1) does not provide grounds for relief where a party is merely rearguing the legal issue already considered by the court. Cashner, 98 F.3d at 576.

In any event, the government's agreement to credit the Commissary Fund with additional moneys to settle the pending litigation in Reno is not relevant to the Court's interpretation of the Sixth Circuit's decision in Reno. The bottom line is that the Sixth Circuit did not address the issue of Tucker Act jurisdiction that is before this Court. In

fact, to the extent that the plaintiffs in Reno requested reimbursement of moneys to the Commissary Fund in addition to the broad injunctive relief they sought in that case, jurisdiction over their claims would most likely have been based on the Administrative Procedure Act, 5 U.S.C. §§ 702 and 704, and not the Tucker Act. See Kanemoto v. Reno, 41 F.3d 641, 645 (Fed. Cir. 1994) (discussing Bowen v. Massachusetts, 487 U.S. 879 (1988)). Therefore, the decision contains no reasoning that undermines any aspect of this Court's analysis, which was based on the language, history, and purposes of 31 U.S.C. § 1321(a)(22), as well as the reasoning of the Federal Circuit and the Supreme Court in several Indian trust cases that were decided a number of years after the Sixth Circuit issued its decision in Reno. Mr. Spengler's motion thus has failed to show sufficient grounds for relief under RCFC 60(b)(1).

Nor does RCFC 60(b)(2) provide any basis for the Court to grant Mr. Spengler relief from the judgment based upon the additional documents he has appended to his motion. That provision authorizes relief from judgment where the movant supplies "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b)." RCFC 60(b)(2). "In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate . . . that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Venture Indus. Corp. v. Autoliv ASP, Inc., 457 F.3d 1322, 1328 (Fed. Cir. 2006) (quoting Good v. Ohio Edison Co., 148 F.3d 413, 423 (6th Cir. 1998)) (omission in original).

First, Exhibits B and C to Mr. Spengler's motion, which consist of the record of two grievances that he filed, contain documents that were available to Mr. Spengler before the time to move for a new trial under RCFC 59(b) had expired. Exhibit B involves a grievance Mr. Spengler filed in October of 2015, in which he complains of a shortage of towels at the prison laundry and also notes that the cost of the laundry is improperly being subsidized by the "Trust Fund." Pl.'s Req. to Alter J. App. 5th (Pl.'s App.) Ex. B at 34–35. After receiving unfavorable responses from the Prison Warden and the regional office, Mr. Spengler appears to have submitted an appeal to the Central Office (the final authority) on March 30, 2016. Id. at 44. It further appears that a response was due to Mr. Spengler from the Central Office on May 21, 2016. Id. at 45.[3] Mr. Spengler states that because no response was received, he has now exhausted his remedies with respect to that claim. Pl.'s Req. to Alter J. at 6.

But Mr. Spengler knew of the existence of the documents he would now have this Court consider, as well as their relevance, by May 21, 2016. As noted above, any motion for reconsideration under RCFC 59 was due by August 18, 2016. Thus Exhibit B is not "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" to file a motion under RCFC 59 as required by RCFC 60(b)(2).

---

[3] There is what seems to be a typographical error in the Central Office's notice to Mr. Spengler, which is dated April 14, 2016. Pl.'s App. Ex. B at 45. It erroneously lists the due date for the Central Office's response as May 21, 2014, rather than 2016. Id.

Similarly, Exhibit C contains a record of the disposition of a grievance that Mr. Spengler filed in November of 2015, complaining about the fact that the prison law library did not contain a full complement of state law resources. Pl.'s App. Ex. C at 47. Apparently, on April 20, 2016, when Mr. Spengler appealed the denial of his grievance to the regional office, he added a claim noting that the Electronic Law Library is paid for by the "Inmate Trust" and that failing to provide the state law volumes was a breach of the government's fiduciary obligations. Id. at 53. The final decision of the Central Office on this grievance was due on July 31, 2016. Id. at 60. Mr. Spengler states in his motion that he did not receive a timely response from the Central Office and thus that he has now also exhausted his administrative remedies as to those claims. Pl.'s Req. to Alter J. at 6. But again, the documents do not meet the criteria of Rule 60(b)(2) because the receipts for Mr. Spengler's administrative appeal to the Central Office were sent to Mr. Spengler on July 20, 2016, Pl.'s App. Ex. C at 58–59, well before any RCFC 59 motion was due. Thus Exhibit C does not meet the "newly discovered evidence" requirement of RCFC 60(b)(2).

In any event, none of the documents Mr. Spengler asks the Court to consider are "material and controlling and clearly would have produced a different result if presented before the original judgment." Venture Indus. Corp., 457 F.3d at 1328 (quoting Good, 148 F.3d at 423). In fact, the documents would not have affected in any way the Court's decision not to transfer Mr. Spengler's complaint to the district court. Even assuming that Mr. Spengler has established exhaustion of remedies with respect to the claims presented in Exhibits B and C (an issue upon which the Court expresses no opinion), the central claims in his complaint before this Court were related to the use of Commissary Fund moneys to implement TRULINCS and TRUFONE. The grievances that are represented in Exhibits B and C do not involve those claims at all.

Finally, there is no basis for granting Mr. Spengler relief from judgment under RCFC 60(b)(6), the catchall provision. First, as the Supreme Court has held, Fed. R. Civ. P. 60(b)(6) (which is substantively identical to RCFC 60(b)(6)) is mutually exclusive of the other subsections in the Rule. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (noting that Fed. R. Civ. P. 60(b)(1) and 60(b)(6) are mutually exclusive and a party that fails to take timely action due to excusable neglect may not seek relief by resorting to subsection (b)(6)). Therefore, Mr. Spengler cannot rely upon subsection (b)(6) to the extent that his reasons for requesting relief from judgment are encompassed within either subsection (b)(1) or subsection (b)(2). See Paul Revere Variable Annuity Ins. Co. v. Zang, 248 F.3d 1, 5 (1st Cir. 2001) (stating that the "residual catchall" provision of Fed. R. Civ. P. 60(b)(6) may be invoked only for reasons "not encompassed by the other provisions"). Second, and in any event, "[t]o justify relief under subsection [(b)(6)], a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer, 507 U.S. at 393 (citing Liljeberg, 486 U.S. at 863; Ackerman v. United States, 340 U.S. 193, 197–200 (1950); and Klapprott v. United States, 335 U.S. 601, 613–14 (1949)). The arguments presented in Mr. Spengler's motion—which he could have presented during the consideration of the government's motion to dismiss or within the time to file a motion under RCFC 59—do not meet these criteria.

7

## CONCLUSION

On the basis of the foregoing, Plaintiff's Request to Alter Judgement Under RCFC 59 and/or RCFC 60(b) is **DENIED**.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge